IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ABHISHEK KUMAR,

Petitioner,

vs.

WARDEN, McCook Detention Center, et al.,

Respondents.

4:26-CV-3261

ORDER

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody. Filing 1. The petitioner was detained on February 11, 2026, and he alleges that his continued detention is unlawful. *See* filing 1 at 2; filing 7 at 4.

This is not his first petition. In case no. 8:26-cv-166, on April 29, 2026, this Court conditionally granted his petition for a writ of habeas corpus, and ordered the Court to provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations on or before May 6, 2026. *Abhishek v. Sommer*, No. 8:26-CV-166, 2026 WL 1168105 (D. Neb. Apr. 29, 2026). That bond hearing was held and bond was denied. Filing 7 at 5; filing 7-3. The petitioner appealed to the Board of Immigration Appeals, and that appeal remains pending. Filing 7 at 5. On May 18, an immigration judge ordered the petitioner removed to India. Filing 7 at 5; filing 7-4. His appeal from that order also remains pending. Filing 7 at 5.

The petitioner asserts his continued detention violates due process. *See* filing 1 at 6. This Court has held that for some aliens who have entered into and established residence in the United States, indefinite detention without a

bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A) violates due process. *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb. Aug. 3, 2026).

But the petitioner, this Court has already held, is detained pursuant to § 1226(a), not § 1225. *Abhishek*, 2026 WL 1168105 (citing *Dos Santos Silva v. Warden, Lincoln Cnty/ Det. Ctr.*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026)). The government has confirmed that, pursuant to the Court's order, the petitioner is regarded as detained pursuant to § 1226(a). *See* filing 5 at 6-8. Accordingly, the petitioner can request a custody redetermination hearing based on circumstances that "have changed materially since the prior bond redetermination." *See* 8 C.F.R. § 1003.19(e); *see also* 8 C.F.R. § 236.1(d)(1).

Because the petitioner failed to request a custody redetermination hearing, he failed to administratively exhaust his claim that his continued detention is unlawful. *See Geach v. Chertoff*, 444 F.3d 940, 945 (8th Cir. 2006). The petitioner's claim that § 1225(b)(2)(A) doesn't apply to his detention, filing 1 at 9-11, is moot. The petitioner's claim that his continued detention without an individualized custody determination violates due process, filing 1 at 11-14, can be cured by requesting a custody redetermination hearing. And the petitioner's remaining arguments, in the Court's view, essentially invite the Court to reweigh the evidence available to the immigration judge, *see* filing 1 at 14-19, which the Court cannot do, *see* § 1226(e).

The appropriate remedy for the petitioner's claims is to request a custody redetermination hearing before an immigration judge. Accordingly,

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied without prejudice.

2. A separate judgment will be entered.

Dated this 15th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge